**Ronald L. BISHOP, Plaintiff–Appellant,**

v.

**U.S. BANCORP, Defendant–Appellee.**

No. 03–15132.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2004.

Decided March 22, 2004.

Mitchell D. Gliner, Esq., Las Vegas, NV, Richard J. Rubin, Esq., Santa Fe, NM, for Plaintiff–Appellant.

Jeremy J. Nork, Matthew B. Hippler, Hale Lane Peek Dennison Howard, Reno, NV, for Defendant–Appellee.

Before: B. FLETCHER and REINHARDT, Circuit Judges, and RESTANI,\* Judge.

MEMORANDUM \*\*

Ronald L. Bishop, a consumer, appeals the dismissal of his complaint, which al-

---

leged that U.S. Bancorp failed to comply with its reinvestigation duties as a furnisher of credit information under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681u (2000) ("FCRA"). Bishop contends that his complaint was timely filed within two years from the date on which liability arose, as required by the FCRA. *See* 15 U.S.C. § 1681p.

After a consumer notifies a consumer reporting agency directly "of a dispute with regard to the completeness or accuracy of any information provided by a person," the person, i.e., the furnisher of the disputed information, is required to perform four duties, including conducting an investigation into the disputed information. 15 U.S.C. § 1681s–2(b). This process is a "filtering mechanism," which makes the "disputatious consumer" notify a consumer reporting agency, and gives the furnisher an opportunity to save itself from liability by performing the required duties. *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir.2002).

Liability arose here no earlier than October 2000, when Bishop notified the consumer reporting agency that he disputed the accuracy of credit information furnished by U.S. Bancorp. *See id.* at 1059 ("[T]he notice which starts the process provided by (b) is notice of a dispute as to the accuracy or completeness of information 'contained in a consumer's file.'") (quoting 15 U.S.C. § 1681i(a)(1)(A)). Therefore, Bishop timely filed his February 2002 complaint within the two-year statute of limitations.

REVERSED and REMANDED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.